UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Michael Kever, for the use and benefit of AIG,

    Plaintiff,

vs.                            Case No.  3:05-cv-889-J-25MCR

Cramer, Inc., a foreign corporation,

    Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Compel (Doc. 21) filed August 14, 2006.  Plaintiff filed a response to this Motion on September 11, 2006. Accordingly, the matter is ripe for judicial review.

Defendant seeks an Order compelling Plaintiff to provide a complete copy of the workers' compensation file relevant to this action.  Plaintiff responds that a complete copy of the file has been produced to Defendant and therefore, Court intervention is not necessary.  Based on counsel for Plaintiff's representations that the complete file has been produced to Defendant, the Court agrees that further Court intervention is not required.

Additionally, the Court will deny Defendant's request for sanctions against Plaintiff as the circumstances surrounding this Motion do not warrant the imposition of sanctions.  While counsel for Defendant corresponded with opposing counsel via several letters, it does not appear she called counsel for Plaintiff after June 30, 2006

-1-

before to filing the instant motion. The instant motion was filed August 14, 2006. On August 16, 2006, counsel for Plaintiff informed counsel for Defendant that the entire workers compensation file had been produced. (Doc. 27, Ex. A). As such, the undersigned believes an award of sanctions would be unjust. Perhaps if counsel for Defendant had contacted counsel for Plaintiff immediately prior to filing the instant motion, the parties would have been able to resolve the dispute without court intervention.[1]

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Compel (Doc. 21) is **DENIED** as moot.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  13th  day of September, 2006.

*Monte C. Richardson*
          MONTE C. RICHARDSON
     UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party

---

[1] The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." Desai v. Tire Kingdom, Inc., 944 F. Supp. 876 (M.D. Fla. 1996). The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." Davis v. Apfel, 2000 WL 1658575 (M.D. Fla. 2000).